**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JAMES McQUERTER,
:
    Petitioner,                             Case No. 3:08-cv-327

:        District Judge Thomas M. Rose
   -vs-                                    Chief Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
:
    Respondent.

---

**REPORT AND RECOMMENDATIONS**

---

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Petitioner was convicted on his plea of guilty to one count of involuntary manslaughter with a firearm specification and sentenced to 10-25 years on the homicide count plus the mandatory three-year term for the firearm. He pleads four grounds for habeas corpus relief:\

**Ground One:** The State breached the plea agreement.

**Ground Two:** Petitioner is actually innocent.

**Ground Three:** Petitioner was not told he had a right to appeal.

**Ground Four:** Petitioner's plea was not made knowingly, voluntarily, or intelligently.

Petitioner was initially tried and convicted for murder, but the conviction was reversed on appeal. When the case was remanded for a new trial, Petitioner pled guilty to the lesser included offense of involuntary manslaughter and was sentenced to the term he is now serving.

In ¶ 18 of the Petition, Mr. McQuerter answers the question about the timeliness of his Petition as follows:

> Petitioner is actually innocent. Pursuant to the plea agreement, petitioner's sentence was up (thirteen years and two months minus nine years eight months) three years and six months ago, and Respondent now lacks the jurisdiction to hold petitioner in confinement.

(Petition, Doc. No. 1, at 16.)

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

The latest date under § 2244 which could possibly apply to this case is the date on which Petitioner discovered that the State had not kept the plea agreement. In ¶ 18 Petitioner states that occurred three years and six months before the Petition was filed on September 17, 2008. A claim of actual innocence does not toll the statute of limitations, at least not in a case such as this where no new evidence of actual innocence has been presented. Compare *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005); . *Ross v. Berghuis,*, 414 F.3d 552, 555 (6th Cir. 2005).

Accordingly, it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations, Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

September 17, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\McQuerter Habeas Limitations R&R.wpd